JAMES CHANCE, defendant in error, vs. HENRY SUMMERFORD, defendant in error.

[1.] Record of a cause between other parties admitted to prove that there was a judgment.

[2.] Evidence admissible to prove that such judgment was paid, and by whom it was paid.

[3.] Note sued on no part of the record of the judgment obtained thereon; and if a copy be admitted in evidence without objection, it may be considered by the jury.

Assumpsit, from Baker county. Tried before Judge ALLEN, May Term, 1858.

Chance made his note, which B. N. Scott and Henry Summerford endorsed to the Central Bank of Georgia. After the maturity of the note, the same was sued to judgment in Houston county, and execution issued thereon.

Henry Summerford paid off the *fi. fa.* It appears, from the record, that Chance having removed from the county o Houston, was not served with the writ.

Summerford sued Chance on the debt after he obtained control of the *fi. fa.,* and tendered in evidence on the trial the transcript of the record of the suit and execution against him from the county of Houston, and therein the evidence of payment of the *fi. fa.* by him; and defendant's counsel objected to its admission. Which objection the Court overruled, and defendant excepted.

Plaintiff proposed to read the answers of Warren and Summerford to interrogatories, proving the transfer, after the payment of the execution, to Summerford, the plaintiff. Defendant's counsel objected to their answers being read, which objection the Court overruled, and defendant again excepted. The answers were read.

Plaintiff here closed his case, and the defendant moved the Court for a non-suit on the grounds taken in the *rule nisi* for a new trial; which motion was refused.

The jury found in favor of the plaintiff.

Chance vs. Summerford.

And defendant moved the Court for a new trial on all the points taken by defendant, as above stated and overruled, and also on the grounds that the verdict of the jury was contrary to law, and that the verdict of the jury was contrary to the evidence; which the Court overruled.

Whereupon defendant excepted, and assigns the same as error.

P. J. STROZIER, for plaintiff in error.

R. F. LYON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The exemplification of the case in favor of the Central Bank against the endorsers of the plaintiff in error was admissible for the purpose of proving the recovery of the debt against them by the bank, and the evidence of Warren and Summerford was admissible to prove the payment of the money by the defendant in error. 1 *Greenleaf's Ev., secs.* 538, 539.

[2.] The counsel for plaintiff in error moved for a nonsuit on the grounds taken above, and overruled by the Court, and to the refusal of the Court to award it he excepted. Having sustained the decision of the Court below in admitting the above stated evidence, it follows that it must be sustained in refusing a non-suit; and of course, so far as the motion for a new trial is based on allegations of error in the Court for overruling exceptions to the testimony and refusing the motion to non-suit the plaintiff, the judgment of the Court below must be affirmed.

[3.] The grounds that the verdict was contrary to law, and that it was contrary to the evidence, must be overruled also. There are two copies of the note sued on by the Central Bank, sent up in the record. One of these copies has the names of the endorsers, and the other has not. They are properly, no part of the record in the Central Bank case, and

if they had been objected to as inadmissible, they must or ought to have been rejected, whether they were incorporated in the exemplification or not.   If the original note had been offered, it ought to have been admitted upon proof, or without proof if not objected to for want of it.   The copy seems to have been admitted without requiring the party to account for the original, or to make proof of its authenticity.   This evidence was before the jury, and without objection, unless the counsel for plaintiff in error considered that he was objecting to it as a part of the record, which, as we have said it was not.

Judgment affirmed.